IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-02521-WYD-MEH

PAGE PENK,

    Plaintiff,

v.

THE HONORABLE DENNIS BRINKER, President, Colorado State Land Board,

    Respondent.

**ORDER**

This MATTER is before the Court on Defendant's Motion to Dismiss or for Summary Judgment [Docket # 22] , filed February 5, 2007.  Defendant Dennis Brinker, President of Colorado's State Board of Land Commissioners ("Board"), seeks dismissal of the claim filed against him by Plaintiff Page Penk.  The Board is an agency and political subdivision of the State of Colorado and is charged with management of all State Trust Lands granted to the State by the federal government.  (Mot. to Dismiss at 2.)  Colorado's State Trust Lands include the area that was formerly the Lowry Bombing Range ("Lowry"), located in Arapaho County.  *Id.*  The Board has authority over the management of this land and appears to be considering its development.  *Id.*; Pl.'s initial  "Motion for Preservation of Status Quo" (hereinafter "Complaint")[1] at 5-6.

---

[1] Although Plaintiff's first pleading is titled and docketed as a "Motion," it appears that this document is Plaintiff's Complaint.  Accordingly, the arguments made in this initial document, in conjunction with Plaintiff's Amended Complaint [Docket #2] will be considered in this court's analysis of Defendant's Motion to Dismiss.

Plaintiff's claims arise from the Board's decision to develop Lowry into a residential community.

Plaintiff claims that the Board violated the Americans with Disabilities Act ("ADA"), 24 U.S.C. 12101 *et seq.*, by failing to take mental health issues into consideration with regard to the proposed construction at Lowry. (Compl. at 2; Am. Compl. at 2.) Plaintiff also claims, pursuant to 42 U.S.C. § 1983, that his First and Fourteenth Amendment rights were violated when the Defendant denied him the opportunity to speak at a public meeting. *Id*. Additionally, it appears that Plaintiff requests an injunction against the proposed development of Lowry, requests a clean-up of unexploded ordnance both at Lowry and in Vietnam, and requests fair competition in the development of Lowry. (Compl. at 18-19.)

Defendant's Motion seeks dismissal of the ADA claim based on Plaintiff's failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's lack of standing, and for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) and the Eleventh Amendment. Defendant's Motion seeks dismissal of the § 1983 claim based on Plaintiff's failure to state a claim pursuant to Rule 12(b)(6) and also because Defendant is entitled to qualified immunity. In response to Defendant's Motion to Dismiss, Plaintiff filed "Plaintiff's Traverse Response" which does not in any way respond to Defendant's arguments for dismissal [Docket #23]. Instead of taking the opportunity to provide this Court with reasons for denying Defendant's Motion to Dismiss, Plaintiff discusses his plans for adopting a child.

As explained more fully below, I find that both Plaintiff's ADA and § 1983 claims must be dismissed for failure to state a claim on which relief can be granted pursuant to 12(b)(6).

II.     ANALYSIS

   A.     Legal Standard on Motion to Dismiss

In reviewing a Rule 12(b)(6) motion to dismiss, the Court must "accept as true all well-pleaded factual allegations in the . . . complaint . . . and view them in the light most favorable to the nonmoving party." *Salt Lake Tribune Publ. Co., LLC v. Management Planning, Inc.*, 454 F.3d 1128, 1133 (10th Cir. 2006) (internal quotations omitted). Generally, dismissing a claim pursuant to a Rule 12(b)(6) motion is inappropriate, "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*; *see also, Tonkovich v. Kan. Bd. of Regents*, 254 F.3d 941, 943 (10th Cir. 2001). In determining whether there are facts sufficient to support a plaintiff's claim for relief, the court *may* consider the public record as well as facts which are subject to judicial notice. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).

When the plaintiff is proceeding *pro se*, "his pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* Although a court should normally give

a plaintiff notice and opportunity to amend his complaint where the court finds that dismissal is appropriate, "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend would be futile," the court may dismiss the complaint *sua sponte*. *Id.* (quoting *McKinney v. Oklahoma*, 925 F.2d 363,365 (10th Cir. 1991)); *see Hunt v. Uphoff*, 199 F.3d 1220 (10th Cir. 1999).

      B.    <u>Americans with Disabilities Act Claim</u>

In support of his Motion to Dismiss, Defendant argues that Plaintiff fails to state a claim on which relief can be granted under either Title I or Title III of the Americans with Disabilites Act ("ADA"). Plaintiff's Complaint does not specify under which Title his ADA claims are based, but Plaintiff does quote language from Titles II, III, and IV. Regardless of which portions of the ADA Plaintiff intended to base his complaint, Plaintiff's claims fail under any potentially relevant Title of the ADA.

Plaintiff's claim centers around his argument that the ADA requires issues of mental health be taken into consideration when a state agency is seeking proposals to develop housing and transportation. Specifically, Plaintiff alleges that the development of Lowry violates the ADA because developing a community with roads is "extending the auto-grid indefinitely" and has a negative effect on persons suffering from mental illness. I find that the facts, as alleged by Plaintiff in his Complaint and Amended Complaint, do not state a claim for violation of the ADA.

First, in order "[t]o state a claim under Title I of the ADA, the defendant must be 'an employer, employment agency, labor organization, or joint labor-management committee' that employs the plaintiff." *McGuinness v. Univ. of N.M. Sch. of Med.*, 170 F.3d 974, 979 (10th Cir. 1998) (construing the definitions of "employer" and "employee"

in 42 U.S.C. § 12111(2), (4)). Additionally, Plaintiff is required to "show an employment relationship with the defendant." *Id.* Plaintiff Penk has not alleged that Defendant is his employer or that any type of employment relationship exists between Plaintiff and Defendant. Thus, to the extent Plaintiff seeks assertion of his claim under Title I of the ADA, his claim fails.

Second, Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "The term 'qualified individual with a disability' means an individual with a disability who, with or without reasonable modifications . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131; " *McGuinness*, 170 F.3d at 978.

In order to bring a claim pursuant to Title II of the ADA, the plaintiff must show "that he has a disability within the meaning of the ADA." *Id.* The term "disability" is described in 42 U.S.C. § 12102(2) as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." I find that Plaintiff Penk has failed to allege that he has a disability within the meaning of the ADA. Plaintiff does allege that he is bipolar, that he takes a mood stabilizer daily, and that he was declared criminally insane in a previous proceeding. (Compl. at 6-7, 11; Pl.'s Traverse Resp. at 1.) Despite these allegations, Plaintiff fails to demonstrate or plead that this potential disability "substantially limits one or more of the major life

activities of the Plaintiff." Further, Plaintiff Penk fails to plead how he is being "excluded from participation in or . . . denied the benefits of the services, programs, or activities of a public entity, or . . . subjected to discrimination by any such entity." Plaintiff appears to be arguing that creating a neighborhood with roads negatively affects him as a person affected by bi-polar disorder. These allegations, however, are not sufficient to state a claim under the ADA. Accordingly, I find that Plaintiff Penk's claim, to the extent it is brought under Title II of the ADA, must fail.

Finally, Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Plaintiff claims that "[t]he real heart of the A.D.A. in regards to this case comes from Title III." (Compl. at 8.) Plaintiff cites § 12182(b)(2)(A)(ii) which defines, in part, the term "discrimination" for purposes of § 12182(a) as "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." However, Plaintiff fails to plead any factual basis that would support a claim that he has been discriminated against by Defendant based on Plaintiff's alleged disability. Further, I find that asking the Board to not include roads in the development of a new community is not a "reasonable modification."

Plaintiff also cites to 42 U.S.C. § 12202 for the proposition that there is no immunity for states under the ADA.  42 U.S.C. § 12202, however, has been held to be unconstitutional by the United States Supreme Court.  *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001).

In sum, Plaintiff does not cite to any authority that specifically requires consideration of mental health issues at the planning stage of a proposed development.  In fact, Plaintiff recognizes that no one has ever "crossed the ADA with planning issues before." (Compl. at 6.)  Additionally, Plaintiff fails to provide any authority to support his contention that the planned development of Lowry, by "extending the auto-grid indefinitely," violates the ADA. (Compl. at 12.)  Plaintiff likewise fails to show how the alleged impact of the "physical 'isolation and segregation' that the car-centric system" has on those with mental illness violates the ADA.  *Id.*

Accordingly, I find that Plaintiff Penk fails to state a claim pursuant to the ADA and that the Complaint should be dismissed as to these claims.  Because I find Plaintiff's ADA claims must be dismissed for failure to state a claim, it is unnecessary to discuss the issue of whether or not Defendant is entitled to immunity.

C.    Section 1983 Claim

Defendant's Motion to Dismiss alleges that Plaintiff's § 1983 claim also fails to state a claim for relief.  In order to "state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 478 U.S. 42, 48 (1988) (citing *Parratt v. Taylor,* 451 U.S. 527, 535 (1981) (overruled in part on other grounds)).  Because Plaintiff has failed to

allege a factual basis which would support his § 1983 claim, I find that this claim should also be dismissed.

Plaintiff's Complaint alleges that his First and Fourteenth Amendment rights were violated when the Defendant denied Plaintiff the opportunity to speak at a public meeting of the Colorado State Land Board on December 8, 2006. However, this broad assertion is unsupported by any allegations which would establish that an actual violation occurred. When a limited public forum is created, the Supreme Court applies a reasonableness standard under which the state may restrict speech "so long as distinctions are reasonable in light of the purpose served by the forum and are viewpoint neutral." *Summum*, 130 F.3d at 914-15 (citing *Cornelius*, 473 U.S. at 806). Although the analysis in this type of forum is governed by reasonableness, "[t]his does not mean the government has unbridled control over speech, however, for it is axiomatic that 'the First Amendment forbids the government to regulate speech in ways that favor some viewpoints or ideas at the expense of others.'" *Summum*, 130 F.3d at 916 (quoting *Lamb's Chapel v. Center Moriches Union Free School Dist.*, 508 U.S. 384, 394 (1993)).

Plaintiff's Complaint states that he asked the Defendant to impose time limits on each public speaker, but that this request was denied. Plaintiff's allegations of Defendant's refusal to set time limits for speakers is insufficient to establish a violation of Plaintiff's constitutional rights. Plaintiff admits that he left the meeting early and voluntarily, to go to work. Oddly, Plaintiff argues that Defendant violated his First Amendment right to free speech by not restricting other's speech (imposing a time limit

so that he would have a chance to speak before going to work). The First Amendment does not require that public officials accommodate one's personal schedule.

For the reasons stated above, I find that Plaintiff has failed to state a claim establishing a violation of constitutional rights pursuant to § 1983.

III.   CONCLUSION

For the aforementioned reasons, it is

ORDERED that Defendant's Motion to Dismiss [Docket # 22] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. It is

FURTHER ORDERED that all other pending motions [Docket ## 1, 13 ] are **DENIED AS MOOT**.

Dated:  May 21, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge